Frank YORK and Ora York, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 18560.

United States Court of Appeals
Fifth Circuit.

April 17, 1961.

M. W. Plummer, Sr., Houston, Tex., for appellants.

Arthur L. Moller, Jack Shepherd, Asst. U. S. Attys., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

PER CURIAM.

Suit was brought by the United States in the District Court for the Southern District of Texas on a promissory note signed by appellants. The appellants were notified that trial was set for May 16, 1960, and they appeared before the Court on that date and at the time designated. After overruling a motion for a continuance, the Court said: "I don't know for sure just when we will reach the case for trial but we will reach it and you will be notified."

The case was called for trial on the following Monday, May 23. The appellants and their counsel did not appear and judgment was entered for the government. Appellants claim that the first notice they had that the case was to be called for trial on that day did not reach their hands until May 24, when they received notice by mail that a judgment had been entered against them. They immediately filed a motion for a new trial, claiming that the action taken against them was contrary to the Court's earlier announcement and alone constituted sufficient grounds on which to base their motion. The motion for new trial was overruled and the appellants brought this appeal, alleging deprivation of various rights.

Even conceding that error was committed in the court below, we conclude that it would amount to nothing more than a technical error which did not substantially affect the rights of the appellants and was thus harmless error as to them. We are led irresistibly to this conclusion because appellants in their brief and in this court made no complaint that actual injury was suffered by them as a result of the trial court's action. They have not in their motion for new trial below, by brief, or otherwise, asserted that they have any defense to this suit. It would in fact appear, as was conceded by appellants before this court, that the appellants had no real defense to the Government's cause of action. They had already stipulated the facts that would entitle the government to judgment. Thus it appears clear that the substantial rights of the parties were not affected by the action of the District Court. Rule 61 F.R.Civ.P., 28 U.S.C.A.

The judgment is Affirmed.